## Samuel P. Drennen *v.* Elam Charles, Appellant.

*Trover and conversion—Measure of damages.*

The measure of damages in an action of trespass in the nature of trover
and conversion is the value of the goods at the time of conversion, to
which may be added interest up to the time of the trial, unless there be
some circumstance of outrage in the case, when the jury may give more.

476, (1900).]          Syllabus—Statement of Facts.

In trover for the conversion of certain cows it was error to permit evidence to be given as to estimated loss of the calves and the milk which they might subsequently produce.

Argued Dec. 12, 1899.   Appeal, No. 60, Oct. T., 1899, by defendant, from judgment of C. P. Lancaster Co., Feb. T., 1898, No. 49, on verdict for plaintiff.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed.   Opinion by W. W. PORTER, J.

Appeal from judgment of a justice of the peace.   Before LIVINGSTON, P. J.

It appears from the record that this was an action of trespass in the nature of trover and conversion for three cows and two wagons. · In the suit before the justice plaintiff claimed the actual value of the cows, and on an appeal to the common pleas he claimed $100 consequential damages in addition to his estimate of the actual value.   The judgment of the justice was for $88.40.   On the trial he recovered a verdict of $188.40.   At the trial plaintiff having been called on his own behalf the following evidence was admitted under objection by defendant:

[" Q. After the property was taken away, of course, you did not have the use of these goods?   A. No, sir; no cows there but one.   Q. For that loss, being deprived of the use of these cows and this property, what do you estimate your damages for that? "

Objected to by defendant.

The Court: What loss did you sustain, if any, by the taking of these?

" Q. The court asked you what your damage was?   A. Them cows would have calves, and I consider I was at a loss of $100, counting all loss, making manure and everything else.   Q. Your milk?   A. Milk, butter and the calves, making manure and everything else; I consider it a $100 loss.   Q. You mean in addition to the $30.00 apiece? "

Objected to by defendant.   Admitted.   Defendant excepts. " A. Yes, sir."]  [1]

Walker Drennen, a witness called for plaintiff, being on the stand, the following evidence was admitted under objection of defendant:

[" Q. What, Mr. Drennen, in your judgment, is the loss of

478          DRENNEN *v.* CHARLES.

Statement of Facts—Opinion of the Court. [12 Pa. Superior Ct.

your father for the deprivation of the use of these cows during this time ? ''

Objected to by defendant. Admitted. Defendant excepts. " A. Well, I know he has been at a great deal of inconvenience ; he has not had any cows. Q. If you know, what does milk bring there ? A. Well, the cows tested about five per cent, and these cows turned in, I believe, about $11.00 or $12.00 a month at that time. Q. During that whole season these cows were taken away? A. Were taken away from him.''] [2]

Verdict and judgment for plaintiff for $188.40. Defendant appealed.

*Errors assigned* among others were (1, 2) to ruling on evidence, reciting same.

*B. F. Davis*, with him *T. J. Davis* and *W. U. Hensel*, for appellant.—The error in these assignments consisted in allowing the plaintiff to prove and recover consequential damages. That is his estimated loss, after they were taken from him, of milk, butter, calves, manure, etc., which the cows might have yielded after they were taken, for some time, which was not specified. This exceeded the jurisdiction of the justice. A justice of the peace has no jurisdiction in trespass or trover of consequential damages : Herrigas v. McGill, 1 Ashmead, 152; Masteller v. Trimbly, 6 Binney, 33; Milhauser v. Morgan, 6 Kulp, 48; Conaghan v. Rudolph, 4 Kulp, 504.

Nothing can be recovered in court which could not have been recovered before the justice, except the intermediate interest: Wright v. Guy, 10 S. & R. 227 ; Harris v. Ligget, 1 W. & S. 301 ; Trego v. Lewis, 58 Pa. 463.

It was error to permit the plaintiff to recover more than his demand before the justice of the peace: Grimes v. Kach, 4 Kulp, 382.

*W. T. Brown*, with him *B. F. Eshleman*, for appellee.

OPINION BY WILLIAM W. PORTER, J., February 16, 1900 : " The general rule as to the measure of damages in an action of trover, undoubtedly is well settled to be the value of the

476, (1900).]        Opinion of the Court.

goods at the time of the conversion, to which may be added interest up to the time of the trial, unless there were some circumstances of outrage in the case, when the jury may give more:" Neiler v. Kelley, 69 Pa. 403, and see cases there cited. The plaintiff, by his testimony, definitely fixed the value of the cows and wagons taken from him. On satisfying the jury that they were wrongfully taken, he could recover as damages their value with interest to trial, but not for the loss of the calves and milk which the cows might subsequently produce. From this it follows that the first two assignments of error must be sustained. We have not the body of the charge before us. We do not know what general instructions were given to the jury. The remaining assignments of error are to answers to points. An examination of the testimony does not convict the court below of reversible error in these answers. The first and second assignments of error are sustained, the judgment is reversed, and a new venire is awarded.